# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2011

No. 11-20035
Summary Calendar

Lyle W. Cayce
Clerk

DAVID BUREN WILSON,

Plaintiff - Appellant

v.

GERALD BIRNBERG, In His Capacity as Chairman of the Harris County
Democratic Party; BEVERLY KAUFMAN, Harris County Clerk; HOPE
ANDRADE, Secretary of State; GREG ABBOTT, Texas Attorney General;
EDWARD EMMETT, Harris County Judge,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3257

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Buren Wilson brought suit against various officials arising from his
name not being placed on the 2010 primary election ballot in Houston, Texas.
His complaint was dismissed for failure to state a claim. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20035

On January 4, 2010, Wilson filed an application to run for Harris County Commissioner in the Democratic Party primary election. It was filed 15 minutes before the close of business on the last day applications were taken. Four days later, Harris County Democratic Party Chairman Gerald Birnberg denied the application for Wilson's failure to provide his residential address. Wilson had instead put his business address on the application, a fact Birnberg supported with public records. There is no dispute that Wilson's residential address was within the relevant district. Wilson's name was never placed on the primary ballot. He failed to gain relief in various state courts.

In September 2010, Wilson sued Birnberg and other governmental officials in the United States District Court for the Southern District of Texas, claiming that the defendants violated his constitutional rights by denying him a place on the ballot. He claimed violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Wilson later added a claim that Section 141.032(e) of the Texas Election Code was unconstitutional. He sought injunctive relief and damages. He also filed for summary judgment and claimed no facts were in dispute, which he has reurged in this appeal. The district court dismissed the case for failure to state a claim.

## DISCUSSION

We review *de novo* a district court's dismissal for failure to state a claim. *True v. Robles,* 571 F.3d 412, 417 (5th Cir. 2009). We accept the appropriately pled facts as true and uphold dismissal if the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face" and has failed to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

The State argues that the issues to be resolved for declaratory or injunctive relief are moot. The election has passed. The capable-of-repetition, evading-review exception to mootness would not apply unless for some reason

2

No. 11-20035

Wilson planned again both to run for office and to omit listing his residential address. *See Kucinich v. Tex. Democratic Party*, 563 F.3d 161, 164 (5th Cir. 2009). No such assertions are made. Claims for equitable relief are moot.

Wilson also seeks damages arising from not getting on the ballot in 2010. This is a suit under Section 1983, and damages are permitted. 42 U.S.C. § 1983. There is no mootness to that claim.

We note some confusion in the briefs about Wilson's arguments. His First Amended Complaint alleged that Birnberg's "overly technical" review violated the Due Process and Equal Protection Clauses. A later filing by Wilson clarified that he thought more process was due and that Birnberg's actions lacked a rational basis. The Second Amended Complaint, though, reduced the Equal Protection argument to a conclusory sentence, made vague assertions of "procedural violations and substantive violations," and added the claim of the unconstitutionality of a statute.

The district court did not dwell on the differences between the complaints, concluding that they would be considered together. We agree that in this case, there was no need to sort out which claims remained in the last and operative complaint. We will first address Wilson's allegations of Birnberg's behavior, then address the constitutionality of the statute in question.

In order for a person to have a procedural due process claim which damages or other relief can remedy, he must have been denied life, liberty or property protected by the Fourteenth Amendment. *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010). The district court held that Wilson had no property right to be a candidate, citing *Velez v. Levy*, 401 F.3d 75, 86-87 (2d Cir. 2005). That court cited a Supreme Court opinion that the "unlawful denial by state action of a right to state political office is not a denial of a right of property or liberty secured by the due process clause." *Snowden v. Hughes*, 321 U.S. 1, 7 (1944). This court has also relied on this language from *Snowden* to note that

a candidate who claimed his opponent was improperly declared the winner of an election had not been denied a property right. *Gamza v. Aguirre*, 619 F.2d 449, 452 n.3 (5th Cir. 1980) (citing *Snowden*, 321 U.S. at 7).

Wilson argues that he does have a property right to be on the ballot based on his interpretation of *Anderson v. Celebrezze*, 460 U.S. 780 (1983). We recently described *Anderson* and a later Supreme Court decision as requiring courts to "balance the individual's rights [to ballot access] against state imposed requirements." *Kucinich*, 563 F.3d at 168 n.6 (citing *Anderson* and also *Burdick v. Takushi*, 504 U.S. 428, 433 (1992)).

In *Anderson*, the question was whether the state of Ohio had "placed an unconstitutional burden on the voting and associational rights" of the supporters of independent Presidential candidate John Anderson. *Anderson*, 460 U.S. at 782. The Court agreed that the state's scheduling the candidate-filing deadline early in the year created an improper burden, inasmuch as there were not significant state interests in the early date and there were substantial voter interests in having a wide choice of candidates for President. *Id.* at 806.

The problem for Wilson in using this authority is that he is not challenging the constitutionality of the statute that required he list his residential address on his application to be a candidate. *See* Tex. Elec. Code § 141.031(a)(4)(I). If he had argued that there was some interest of his that outweighed the state's interest in having candidates declare where they live, then *Anderson* and similar cases might be applicable. They are not applicable here.

Wilson has not presented any authority suggesting that *Snowden* and the cases that have relied upon it are no longer good law. His procedural due process claim was properly rejected.

The substantive due process claim also fails. State law grants party officers like Birnberg the authority to reject applications for state candidacy when "facts indicating that the candidate is ineligible are conclusively

established by another public record." Tex. Elec. Code § 145.003(f)(2). Here, the candidate himself acknowledged the facts to support such a determination. *See Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 585, 588 (5th Cir. 2006). There are no disputed facts. Birnberg relied upon numerous public records, as well as Wilson's own oral admission that he did not live at the listed address, to conclude that Wilson's application contained an incorrect residential address. This was not error.[1]

The Equal Protection claim is also denied. "Unlike systematically discriminatory laws, isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Gamza*, 619 F.2d at 453. Birnberg's actions must constitute "intentional or purposeful discrimination." *Id.* (quoting *Snowden*, 321 U.S. at 8). We conclude that they do not. Undisputed record evidence shows that Birnberg checked public records of Wilson's residential address only after Wilson told Birnberg that the residential address he listed was his place of business. The law obliged Birnberg to inquire into whether that was so. Tex. Elec. Code § 141.032(a).

> In the absence of evidence that the alleged maladministration of the local election procedures was attended by the intention to discriminate against the affected voters or motivated by a desire to subvert the right of the voters to choose their . . . representative, we cannot conclude that the error constituted a denial of equal protection of the laws.

*Gamza*, 619 F.2d at 454.

Wilson has also failed to establish that Section 141.032(e) of the Texas Election Code is unconstitutional. That section reads, in its entirety, "If an

---

[1] Wilson claims that any failure to put his true residential address on the application is irrelevant because both his residential and business addresses are within the same election precinct. State law, though, does not grant Birnberg the discretion to excuse an applicant's failure to place his residential address on the application. *See* Tex. Elec. Code. §§ 141.031(a)(4)(I), 141.032(e).

application does not comply with the applicable requirements, the authority shall reject the application and immediately deliver to the candidate written notice of the reason for the rejection." Tex. Elec. Code § 141.032(e). Wilson has not shown that he was owed more process such as a hearing. The requirement of immediate, written notice, with "reason for the rejection," gives denied applicants the meaningful opportunity to promptly address the problem or seek relief in Texas state court. *Id.*; *see also id.* § 273.081 (person harmed under Texas Election Code may seek injunctive relief). As the Texas Supreme Court has held, the "section also serves as a safety net for candidates who file their applications early in the filing period, assuring that individuals willing to commit to public service will receive the assistance of party officials in complying with the myriad and technical requirements for becoming a party candidate." *In re Gamble*, 71 S.W.3d 313, 318 (Tex. 2002).

Wilson filed his application for candidacy in the last hour of the last possible day, which limited his opportunity to refile a correct application.

AFFIRMED.